IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

KATELYN WEBB, *et. al.*,                                                                     PLAINTIFFS

v.                          CASE NO. 4:17-CV-00660-JLH

CHELSEA SMITH, *et. al.*,                                                                     DEFENDANTS

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO THEIR MOTION TO ALTER OR AMEND ORDER

For their Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Alter or Amend Order, Defendants state as follows:

### I.     ARGUMENT

Plaintiffs allege they should be allowed to proceed because "there were no final appealable orders" in their underlying child-maltreatment cases. Plaintiffs are wrong. It is true that a probable cause order is, by its nature, temporary and therefore not a final, appealable order. *Dover v. Ark. Dep't of Human Servs.,* 62 Ark. App 37, 968 S.W.2d 635 (1998). However, it is also well established that once the juvenile court held adjudication hearings, Plaintiff could appeal both, the probable case and adjudication orders. See *Johnston v. Arkansas Department of Human Services,* 55 Ark. App. 392, 935 S.W.2d 589 (1996). In *Webb*, the probable cause order was filed on August 23, 2017. Exhibit A. The juvenile court found that the prior hearings were continued for good cause. The final hearing was scheduled on September 13, 2017. On September 13, 2017, DHS voluntary non-suited the Webb's case. At that time, Webb could appeal both the probable cause and the disposition orders (Ark. App. R. 6.9 (a)(1)(b)) and failed to do so. In *Lays*, children were returned to parents under some restrictions. On October 4, 2017, after parents complied with these restrictions, the juvenile court entered a dismissal order. See

Exhibit B.  The dismissal order stated that all prior orders remained in effect.  *Id.*  Lays did not appeal the probable cause and dismissal order.  *Id.*  Webb and Lays participated in their respective juvenile court proceedings and has an opportunity to challenge the truthfulness of the DHS officials's allegations and order of the juvenile courts.  **Furthermore, in both cases, the juvenile courts held that hearings were continued for good cause and Plaintiffs did not object.**  Therefore, Plaintiffs should not be allowed to collaterally attack the state court's judgment in this case.

Plaintiffs' request to strike pleadings in their underlying child-maltreatment cases should be denied.  On the one hand, Plaintiffs ask this Court to rely on these pleadings to demonstrate that no final order was entered.  (D.E. 55, page 2).  On the other hand, Plaintiffs seek to strike them from the record because these pleadings show that Plaintiffs' allegations in their Complaint and Amended Complaint about are not what actually happened in the child-maltreatment cases.  Plaintiffs should not be allowed to have it both ways and to rely on these pleadings for one purpose and not another.  For example, in *Webb,* the entire case is baes on the Plaintiffs' allegation that Chelsea Smith ***lied in*** her affidavit by stating that Webb was in jail. (D.E. 55, page 11).  However, the pleadings in the underlying child-maltreatment case show that the story created by Plaintiff is not what actually happened in the Webb's juvenile case.  Smith signed and submitted her affidavit on June 30, 2017. (See Exhibit A, page 8).  At that time, according to Plaintiff's Complaint (D.E. 12), Webb was in jail and she was not released until July 3rd, 2017. (D.E. 12, ¶ 4).  Therefore, Smith's affidavit stating that Webb was in jail on June 30, 2017, is accurate and could not cause any damage to Plaintiff.  Furthermore, the right to be free from dishonesty of public employees in juvenile court proceedings was not clearly established. To the contrary, it was clearly established that "witnesses should be immune from civil rights suits alleging

perjurious testimony." *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979). The pleadings also show that Defendants did not have any authority to request hearings or file petitions in the juvenile cases.

Pleadings in the underlying child-maltreatment cases are also admissible under Rule 12(b) of the Federal Rules of Civil Procedure. Altough Rule 12(b) generally prohibits consideration of matters outside of the pleadings on a motion to dismiss, the court may consider certain matters outside of the pleadings without converting the motion into a motion for summary judgment. *Intl. Motor Contest Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 657–58 (N.D. Iowa 2006). For example, the court may consider documents outside of the pleadings where "the plaintiffs' claims are based solely on the interpretation of the documents [submitted] and the parties do not dispute the actual contents of the documents." *Jenisio v. Ozark Airlines, Inc., Retirement Plan,* 187 F.3d 970, 972 n. 3 (8th Cir.1999) (citing *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997)). Nor is a motion to dismiss automatically converted into one for summary judgment "simply because one party submits additional matters in support of or opposition to the motion," because "[s]ome materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.1999), *cert. denied,* 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999). The same should be applicable here and the Court should rely on pleadings in the underlying child-maltreatment cases.

Plaintiffs' allegations that Defendants caused their children's removal from homes fail as a matter of law because Defendants have *no authority* to remove children from a home and take them into protective custody, and in their respective juvenile cases these decisions were made by

3

the courts while Plaintiffs were represented by attorneys. Thus, the Complaint fails to state a cognizable claim against Defendants based on removal of the children, and the Court should dismiss that claim under Rule 12(b)(6).

Defendants are also entitled to qualified immunity on § 1983 claims. The allegations against Plaintiffs in the underlying juvenile cases would easily give rise to a reasonable suspicion of child abuse, and it was clearly established at that time that an investigation premised on such a suspicion could disrupt familial integrity without violating constitutional rights. *Thomason v. SCAN Volunteer Serv., Inc.*, 85 F.3d 1365, 1371 (8th Cir. 1996). *Heartland Acad. Cmty. Church*, 427 F.3d at 534 ("This Court has determined that qualified immunity may be available for child abuse investigators who are defendants in suits for alleged violation of the right to family integrity if their actions are properly founded upon a reasonable suspicion of child abuse." (quotation omitted)). In addition, because the Complaint does not state a valid claim against Defendants, sovereign and qualified immunity applies, and the Court should dismiss that claim under Rule 12(b)(1).

Here, the juvenile courts found that probable cause existed to remove children from Plaintiffs's homes. In *Webb*, the juvenile court found that good cause existed to continue hearings. Plaintiffs here have not alleged facts establishing that Defendants's actions violated their clearly-established constitutional rights. *See* Ark. Code Ann. §§ 12-18-601 *et seq.* There is no clearly established right under federal law to be free from child-abuse investigations as authorized by state law or to be free from defending child-abuse allegations in state juvenile court. As a result, all of the claims asserted against Defendants in their individual capacities should be dismissed with prejudice as barred by qualified immunity. As shown, the actions Plaintiffs allege Defendants took against them did not, as a matter of law, violate Plaintiffs's clearly established constitutional rights. This Court should dismiss complaint in its entirety, with prejudice.

          Respectfully submitted,

          Leslie Rutledge
          Attorney General

By:    <u>/s/ Maryna O. Jackson</u>
        Maryna O. Jackson
        Arkansas Bar No. 2009111
        Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Telephone: (501) 683.3296
        Fax: (501) 682.2591
        maryna.jackson@arkansasag.gov
        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I, Maryna O. Jackson, Assistant Attorney General, hereby certify that on May 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

                                                                  /s/ Maryna O. Jackson
                                                                  Maryna O. Jackson